UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

                   Bankr. No. 13-53846 (Chapter 9)
CITY OF DETROIT, MICHIGAN,      HON. STEVEN W. RHODES

    Debtor.
_____/

CORNELL E. SQUIRES,         Civil Action No. 14-cv-14923
                   HON. BERNARD A. FRIEDMAN

    Appellant,

 v.

CITY OF DETROIT, MICHIGAN, et al.,

    Appellees.
_____/

**ORDER DENYING APPELLANT'S "MOTION FOR ADOPTION AND DESIGNATION STATEMENT OF DRCEA," "MOTION OBJECTION TO THE DISMISSAL," AND "MOTION TO QUASH DISMISSAL"**

    This is matter is presently before the Court on appellant's "motion for adoption and designation statement of DRCEA, because associate is a member" [docket entry 19], "motion objection to the dismissal and notice of adjudicative facts of bias Rule 201," [docket entry 20] and "motion to quash dismissal" [docket entry 21]. Although appellant does not properly title his motions, the Court construes the substance of these motions as a motion for rehearing pursuant to Fed. R. Bank. P. 8022, which states "[t]he motion must state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion."

    Appellant's motions do not state with particularity each point of law or fact that

appellant believes the Court overlooked. In fact, appellant's motions are nearly incomprehensible. Nevertheless, it appears that appellant's motions are a second attempt at rehashing previously raised arguments[1] that have been addressed in the Court's Order of Dismissal dated January 30, 2015. The Court is well aware of appellant's affiliation with DRCEA. But regardless of appellant's affiliation with DRCEA, the bankruptcy rules are clear: appellant was required to timely designate the record in his own, individually-filed appeal. Appellant failed to do so and he cannot simply adopt the record designated by appellants in another City of Detroit bankruptcy appeal.

Accordingly,

IT IS ORDERED that appellant's "motion for adoption and designation statement of DRCEA, because associate is a member" [docket entry 19], "motion objection to the dismissal and notice of adjudicative facts of bias Rule 201" [docket entry 20], and "motion to quash dismissal" [docket entry 21] are denied.

Dated: February 18, 2015  
    Detroit, Michigan

S/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Appellant, however, does raise one new legal argument. In his "Motion to Quash Dismissal," appellant argues that Fed. R. Civ. P. 18 allows him to adopt DRCEA's designated bankruptcy record. This is not the case and this rule has no bearing on this appeal as it speaks to the number of claims that a litigant can bring against a party.